# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN BREWER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1172** |
| **STATE OF LOUISIANA** | **SECTION "S"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Kevin Brewer, a state pretrial detainee, filed this *pro se* federal civil rights action.

He states his claim as follows:

> On March 6, 2009 I was legal arrest for one count of negligent homicide, in post bond on June 23, 2009 but I didn't get out of jail because the District Attorney put a new charge, second degree cruelty to juveniles on May 4, 2009 which I was not legal book on the pending charge, I should had the opportunities to get out of jail on June 23, 2009 when my bond got post on the original charge the District Attorney depriving me of my liberty and the procedure violate the equal protection clause.

As relief, he requests:

> I'm ask this, Honorable Court to grant me relief that I should had the opportunities to get out of jail on June 23, 2009 when my bond got post on the original charge because I didn't get arrest on two count, when I went to magistrate court on March 7, 2009 to get my bond set I was charge for one count of negligent homicide I didn't go to magistrate court on second degree cruelty to juveniles. I didn't go to no magistrate court at all to get a bond set for the second charge the District Attorney didn't enhanced the charge because I'm on two different bond.

### I. Standard of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[1]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that, for the following reasons, that plaintiff's federal civil rights claims be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

## II. 42 U.S.C. § 1983

Plaintiff filed the instant lawsuit on a form to be used by prisoners seeking relief pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress .... (Emphasis added.)

For the following reasons, plaintiff cannot be granted the relief he seeks under § 1983.

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

A. Improper Defendant

The sole defendant named in this lawsuit is the State of Louisiana. However, the State of Louisiana is clearly an improper defendant for two reasons.

First, states are not "persons" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Laxey v. Louisiana Board of Trustees, 22 F.3d 621, 623 n.2 (5th Cir. 1994); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010).

Second, pursuant to the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent." Rodriguez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir. 2000); see also U.S. Const. amend. XI. Therefore, unless the State of Louisiana has waived its immunity, the state's citizens are barred from filing suit against the state in federal court. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002); Tyson, 2010 WL 360362, at *3. It is clear that the State of Louisiana has not waived its constitutional immunity. The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo, 279 F.3d at 281 (quotation marks and citations omitted).

Accordingly, the State of Louisiana is an improper defendant, and the claims against the state must be dismissed.

B.  Improper Request for Relief

In any event, even if plaintiff had named a proper defendant, he still could not be granted the relief he requests, i.e. release from detention, in this § 1983 action.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).  Accordingly, if plaintiff wishes to challenge the validity of his continued detention, he must seek federal *habeas corpus* relief pursuant to 28 U.S.C. § 2241.

III.  *Habeas Corpus*

Out of an abundance of caution, the Court also notes that plaintiff is not currently entitled to federal *habeas corpus* relief.  Accordingly, even if the instant complaint is construed in part as a petition seeking *habeas corpus* relief pursuant to § 2241, such relief should be denied for the following reasons.

The United States Fifth Circuit Court of Appeals has held:

> Section 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion.  Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be

> resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.
>
> The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.

Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). The Court of Appeals has further held:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

Therefore, a Louisiana pretrial detainee generally cannot proceed to federal court pursuant to § 2241 unless he has first presented his claims to the state's highest court, the Louisiana Supreme Court, in a procedurally proper manner. This Court's legal research failed to uncover any decision from the Louisiana Supreme Court concerning plaintiff's current detention. Moreover, in a telephone call placed by this Court on April 29, 2010, the Clerk of the Louisiana Supreme Court confirmed that plaintiff has filed no writ applications whatsoever with that court regarding his current detention. Because the Louisiana Supreme Court has never been afforded a "fair opportunity" to pass upon plaintiff's *habeas corpus* claims, those claims are not exhausted and therefore federal *habeas corpus* relief should not be granted.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's 42 U.S.C. § 1983 claims be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's federal *habeas corpus* claims be **DISMISSED WITHOUT PREJUDICE** due to plaintiff's failure to exhaust his state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this thirtieth day of April, 2010.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.